NO. 07-02-0310-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 18, 2003



______________________________





ANTONIO MINDIETA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-423925; HONORABLE JIM B. DARNELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Antonio Mindieta has filed a Motion to Dismiss Appeal. Appellant, acting
by appointed counsel, asserts that the appeal is moot because the trial court has
appointed counsel for him, which is what he sought by his appeal. 

 The motion to dismiss is granted. The appeal is dismissed. See Tex. R. App. P. 2.

 Phil Johnson

 Chief Justice

Do not publish. 



ect of the court's order is to prevent them from
discovering the identity of potential fraudulent transferees prior to the expiration of the
statute of limitations. We conditionally grant the relief requested. (2)

 Relator C. D. Morse, a defendant and third-party plaintiff in a separate cause
numbered 2002-519,190, pending in the 72nd District Court of Lubbock County, filed the
underlying action with his wife seeking declaratory relief and asserting that various bank
and holding company transactions and reorganizations were in fraud of his rights as a
contingent creditor as may be adjudicated and determined in cause number 2002-519-190. (3) 
As material here, relators contend that certain transfers, bank mergers, acquisitions, or
arrangements constituted fraudulent transactions to them as creditors, contrary to the
Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code Ann. §§ 24.001-24.012 (Vernon
2002), and article 6.04 of the Texas Business Corporation Act. In addition, relators contend
the shareholders of the bank or holding companies were unjustly enriched and seek
imposition of a constructive or resulting trust. Upon commencement of the underlying
proceeding relators also caused their request for disclosure under Rule 194 to be served
on real parties requesting, among other information, the disclosure of the name, address,
and telephone number of any potential parties. By their motion to compel, relators seek
the disclosure of the name, address, and telephone number of shareholders or former
shareholders of Independent Bankshares, Inc., Independent Financial Corp., and State
National Bancshares, Inc. as potential parties under Rule 194.2(b) of the Texas Rules of
Civil Procedure.

 When real parties failed to respond fully to the request for disclosure, relators filed
their motion to compel disclosure of the identity of all former shareholders of Independent
Bankshares, Inc., Independent Financial Corp., and State National Bancshares, Inc. as
potential parties to their claims under article 6.04 of the Texas Business Corporation Act
and the Uniform Fraudulent Transfer Act. (4) Upon hearing the motion, without expressing
any reasons, the trial court denied the request for disclosures. 

 

Standard of Review


 A writ of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law when there is no adequate remedy by appeal, and the relator has
the burden to present the appellate court with a record sufficient to establish the right to
mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding).
With respect to factual matters committed to the trial court's discretion, the appellate court
may not substitute its judgment for that of the trial court. Id. However, a review of a trial
court's determination of controlling legal principles is entitled to much less deference. Id.
at 840. In our analysis, we "must focus on the record that was before the court and
whether the decision was not only arbitrary but also amounted to a clear and prejudicial
error of law." Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1992).

 By their two issues, relators contend the trial court abused its discretion in denying
their motion to compel the disclosure (1) of the name and address of potential parties and
witnesses when the Texas Rules of Civil Procedure require all parties to disclose the
identities and addresses of potential parties and witnesses and (2) when the obvious effect
of the court's order is to prevent relators from discovering the identity of potential fraudulent
transferees prior to the expiration of the statute of limitations. We agree.

 Although relators acknowledge that the trial court has wide discretion in discovery
matters, they point out that the discretion is not unlimited. Citing Burlington Northern, Inc.
v. Hyde, 799 S.W.2d 477, 479 (Tex.App.--El Paso 1990, no writ), they argue that under
Rule 194.2(b) real parties' failure to respond fully was an abuse of the discovery process
and that the trial court abused its discretion in denying the motion to compel. In response,
contending that neither article 6.04 of the Texas Business Corporation Act nor the Uniform
Fraudulent Transfer Act apply to the bank merger or institutional or corporate transfer or
reorganizations, real parties argue that disclosure of the names and addresses of the
shareholders was not required because "there is no viable cause of action against these
shareholders in this transaction." These opposing contentions require that we focus our
analysis on Rule 194 entitled "Requests for Disclosure." 

 By its order of November 9, 1998, among other changes to the discovery rules, (5) 
the Supreme Court added disclosure as a new form of discovery. See Tex. R. Civ. P. 194.
Unlike Rule 192.3(a) which authorizes discovery in broad terms, Rule 194.2 expressly
provides that a party may request disclosure of at least 16 specific categories of
information. As material here, Rule 194.2(b) provides that a party may request disclosure
of the name, address, and telephone number of any potential parties. According to the
explanatory comment accompanying the 1999 amendments, upon request, Rule 194
provides ready access to basic information without objection. 

 

 Under Rule 194.3, the responding party must serve a written response within 30
days, and according to comment 1, if a party does not move for protection or assert any
applicable privileges, failure to "respond fully to a request for disclosure would be an abuse
of the discovery process." Unlike other comments, the comments to the disclosure rule are
intended to inform its construction and application. See order of November 9, 1998. See
generally Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex.App.--Houston [14th
Dist.] 2000, pet. denied) (noting that the comment to Tex. R. Civ. P. 166a(i) was specifically
intended to inform the construction and application of the rule). 

 Notwithstanding Rule 194.3 and the accompanying comment, real parties did not
present any objection nor move for protection to prohibit disclosure and do not contend
that the information was privileged or was, as suggested by the comment, "one of those
rare cases when information should be protected." Real parties' reliance on In re Colonial
Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding), as support for their
argument that disclosure of the identities of the shareholders was not required because
relators' pleadings did not state a viable claim is misplaced. In Colonial, the Court wrote
in the context of a ruling which would impair or restrict a party's ability to present a viable
claim or defense. 968 S.W.2d at 941. Moreover, the opinion in Colonial was issued
before the adoption of Rule 194 which adopted disclosure as a new form of discovery. 

 Neither party cites any decisions discussing Rule 194.2(b); however, our research 
identifies two cases discussing disclosure per Rule 194. In Helfand v. Coane, 12 S.W.3d
152 (Tex.App.--Houston [1st Dist.] 2000, pet. denied), a similar question was presented
by ordinary appeal. There, the court noted:

 We reject Coane's argument that Helfand was not entitled to discovery for
the mere purpose of determining who another defendant is or may be. 
Under our discovery rules, past and present, a party is entitled to obtain
discovery regarding potential parties to a lawsuit. Tex. R. Civ. P. 192.3(i),
192.5(c)(3), and 194.2(b).


[Citations omitted]. Id. at 157 n.3. Then, in Villegas v. Texas Depart. of Transp., 120
S.W.3d 26, 35 (Tex.App.--San Antonio 2003, pet. denied), the failure to provide disclosure
as requested under Rule 194.2(f)(4)(A) constituted grounds supporting a sanction order
striking the affidavit of an expert in a summary judgment proceeding. 

 Based on the comment to Rule 194 and Helfand and Villegas, we conclude that real
parties' failure to fully respond to the request for disclosure or move for protection
constituted an abuse of the discovery process. Considering that relators were entitled to
the disclosure of the names and addresses of the shareholders or former shareholders (6)
as potential parties and based on the above standard of review, we conclude the trial court
abused its discretion in denying the motion to compel the requested disclosures.

 Accordingly, we conditionally grant the writ of mandamus and the trial court is
ordered to direct real parties to comply with the request for disclosure of the names,
addresses, and telephone numbers of the officers, directors, and shareholders of
Independent Bankshares, Inc. for the year 2000, but not otherwise. This discovery order
shall in no way bar nor prohibit the commencement of other discovery process by either
party. We are confident the trial court will grant the motion in accordance with this opinion. 
We instruct the Clerk to issue the writ only if the trial court fails to grant the motion within
thirty days. 

 Don H. Reavis

 Justice

 




 


 

 
 

 

 


1. Relators' motion for expedited consideration is rendered moot by issuance of this
opinion.
2. We do not address any questions concerning the applicability of article 6.04 of the
Texas Business Corporation Act or the Uniform Fraudulent Transfer Act, Tex. Bus. & Com.
Code Ann. §§ 24.001-24.012, to relators' claims in the underlying proceeding.
3. The history of the bank and holding company transactions as presented by relators'
petition and real parties' response demonstrated considerable uncertainty as to the precise
corporate and shareholder action taken. However, in the amended statement of facts of
real party Stephenson filed the day before submission of oral argument, he acknowledged 
that prior factual representations were incorrect and stated "in fact, following the merger,
First State continued to exist as a separately chartered national banking association and
as such, continued its banking relationships with its depositors and borrowers in the
ordinary course of its business." During oral argument, counsel acknowledged that this
information was not presented to the trial court. Leave to file the amended fact statement
is granted. 
4. Relators also sought production of documentation regarding arrangements for the
payment of non-deposit creditors, disclosures made to shareholders, disclosure of
consideration received by shareholders, and the identity of directors. We do not address
these matters because relators seek the writ to compel disclosure of the names and
addresses of the officers, directors, and shareholders.
5. See text of order and explanatory comments at 977 S.W.2d xxxv.
6. Although relators' motion to compel sought the same information with respect to
other entities, its petition for writ of mandamus is limited to Independent Bankshares, Inc.